```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

KATRINA RUCKER,                 )    CIVIL 17-00494 LEK-RLP
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
KEVIN CHANG,                    )
                                )
          Defendant.            )
_____ )
```

**<u>ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)</u>**

Before the Court is pro se Plaintiff Katrina Rucker's Discrimination Complaint, filed October 2, 2017. [Dkt. no. 1.] Plaintiff alleges that United States Magistrate Judge Kevin S.C. Chang made legal decisions as a United States magistrate judge in a civil lawsuit that she filed as a pro se litigant which were to her disadvantage, that he forced her to settle her civil lawsuit, that he denied her access to the court's electronic filing system, that he retaliated against her when she complained about her case being mismanaged by causing her to pay a fine, and that he refused to remove himself from her civil lawsuit after she asked him to do so. [Complaint at ¶¶ 3.1-3.6.]

Plaintiff's Complaint fails to state a claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Plaintiff was a pro se litigant in a prior civil action known as Rucker v. Air Ventures Hawaii, LLC, CV 16-00492 HG-RLP ("CV 16-492") filed in the United States District Court for the District of Hawai`i, and Judge Chang was the magistrate judge originally assigned in that underlying civil matter.[1] This action was dismissed with prejudice on December 6, 2017 when Defendant Air Ventures Hawaii, LLC's Motion to Dismiss Second Amended Complaint was granted. [CV 16-492, dkt. nos. 149 (motion), 165 (order granting motion).]

In the instant action, Plaintiff filed her Application to Proceed in District Court Without Prepaying Fees of Costs. [Filed 10/19/17 (dkt. no. 11).] She currently proceeds without prepayment of the filing fee in this matter.

**STANDARD**

For parties proceeding *in forma pauperis*, § 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A dismissal under § 1915(e)(2)(B) is governed by the same standard as a

---

[1] Judge Chang filed an Order of Recusal on October 3, 2017. [CV 16-492, dkt. no. 141.]

dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).  Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

## **DISCUSSION**

Plaintiff is barred from proceeding in this action without prepayment of the filing fee, unless her Application (*i.e.*, petition to proceed *in forma pauperis*) is granted. Substantively, Plaintiff's Complaint fails to state a claim and is not amenable to amendment.

The entirety of the claims alleged by Plaintiff against Judge Chang arise out of the performance of his official duties as the magistrate judge in CV 16-492.  [Complaint at ¶¶ 3.1-3.6.] Judges are absolutely immune from liability based on acts performed in their official capacities and taken where they have jurisdiction.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1872)).  The policy for extending this immunity to judges is to "ensure independent and disinterested judicial . . . decision making," and therefore the scope of this immunity is broadly construed, even where allegations exist that

conspiracy or bribery were involved in a judicial decision.  Id. at 1078 (citations omitted).

> "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (alteration in Partington) (quoting Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 1107, 55 L. Ed.2d 331 (1978)).

As to the allegations made against Judge Chang, all of the actions of which Plaintiff complains were conducted within his normal, official judicial capacity and function.  Ruling on Plaintiff's objections and requests, and holding court proceedings in CV 16-492 were clearly part of the core functions of a judge and thus subject to absolute immunity.  It is clear that Judge Chang had jurisdiction over CV 16-492 since she filed her action in the District of Hawai`i and Judge Chang was the assigned magistrate judge to it.

As Plaintiff's Complaint bases all of its claims against Judge Chang on judicial functions performed by him in the underlying civil matter, these claims are barred by the doctrine of judicial immunity and are dismissed for failure to state a claim.

Lastly, as to this Court's authority to dismiss Plaintiff's case – although Plaintiff names Judge Chang as

4

Defendant, this Court is not required to recuse. See Perry v. Schwarzenegger, 630 F.3d 909, 916 (9th Cir. 2011) ("It is . . . important . . . that judges not recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality."); United States v. Holland, 519 F.3d 909, 912 (9th 2008) ("[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." (citations and internal quotation marks omitted)). Because this Court is not named in the Complaint nor did it preside over any of Plaintiff's cases, there is no basis for recusal. Even if it were named in this lawsuit, this Court would not be required to recuse itself: "'even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff.'" Cowser v. Obama, Civil No. 11-00180 JMS/RLP, 2011 WL 2945806, at *2 n.2 (D. Hawai`i July 20, 2011) (some citations omitted) (quoting Mellow v. Sacramento Cnty., 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008)); United States v. Majhor, 2010 WL 3522382, at *1 n.1 (D. Or. Sept. 3, 2010)) (citing United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a

litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted))).

Because Plaintiff's claims against Judge Chang are barred by judicial immunity, it is absolutely clear that she cannot cure the defect in her claims by amending her Complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff's claims are therefore dismissed with prejudice and without leave to amend. This ruling also renders Plaintiff's Application moot.

## CONCLUSION

Plaintiff's Discrimination Complaint, filed October 2, 2017, is HEREBY DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, filed October 19, 2017, is therefore DENIED AS MOOT, and the Clerk's Office is DIRECTED to terminate this case.

DATED AT HONOLULU, HAWAII, March 5, 2018.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KATRINA RUCKER VS. KEVIN CHANG; CIVIL 17-00494 LEK-RLP; ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**